IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERESA M. FERGUSON | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-02-3193 |
| MARTIN'S, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Vacate Summary Judgment [Paper 8], Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Paper 5], and the materials submitted by the parties in relation thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND[1]

Plaintiff Teresa M. Ferguson ("Plaintiff" or "Ferguson") was, at all times relevant herein, employed by Defendant Martin's Inc. ("Martin's") as an Executive Assistant to Defendant Martin Resnick ("Resnick"), Chief Executive Officer and President of

---

[1]   In the present context, it is necessary to assume that the Plaintiff's version of the disputed facts is correct.



Martin's[2]. Resnick's outgoing Executive Assistant, Sharon Ruiz ("Ruiz"), trained Plaintiff in the duties of the position. During this training session, Ruiz told Plaintiff that it was her duty to maintain a card catalogue of business cards. Plaintiff found these cards to be "lewd and pornographic." Complaint, ¶5.

Plaintiff also contends that Resnick greeted his staff each day by kissing and hugging them as a "silent condition of [their] employment." Complaint, ¶6. Plaintiff was uncomfortable when Resnick hugged and kissed her but never filed a formal complaint. Instead of filing a formal complaint, Plaintiff spoke informally to Foula J. Dargakis, ("Dargakis") Director of Human Resources for Martin's. Plaintiff told Dargakis that these situations created a "hostile work environment" and repulsed her. Complaint, ¶8. Plaintiff did not file a formal complaint for fear of negative repercussions from Resnick, including but not limited to the loss of her job or her career. Complaint, ¶9.

On June 1, 2000, Ferguson left her position with Defendant due to her inability to maintain a normal work relationship with Resnick and the failure of Human Resources to take any steps to protect Plaintiff after her informal discussion with Dargakis. Plaintiff did not state her reason for leaving Martin's.

---

[2]     (Martin's Inc. and Resnick are collectively referred to as "Defendants".)

Plaintiff claims that as a result of Resnick's actions and Martin's lack of action on her informal complaint, she has suffered and continues to suffer great mental pain and anguish.

Plaintiff filed suit against Defendants alleging the following causes of action:

>Count I: Sexual Harassment (Title VII)

>Count II: Intentional Infliction of Emotional Distress

On December 19, 2002, the Court granted Defendants' unopposed[3] Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment.  On January 2, 2003, Plaintiff filed a Motion to Vacate Summary Judgment.  The Court granted the motion on January 6, 2003 and herein considers the merits of the said motion.

By the instant motion, Defendants seek dismissal, or in the alternative, summary judgment on all counts of the complaint.  As there has been no discovery at this point, the Motion for Summary Judgment is premature.  Therefore, the Court will deny the Summary Judgment motion without prejudice to renewal after discovery.  The Court will address the Motion to Dismiss.

---

[3] Plaintiff failed to file an opposition to Defendant's Motion.

II. <u>MOTION TO DISMISS LEGAL STANDARD</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a means of testing the legal sufficiency of a complaint. The Court must deny a motion to dismiss unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). "The question therefore is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §1357 at 332-36 (2d ed. 1990).

The Court, when deciding a motion to dismiss, must consider well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421-22 (1969). The Court must further disregard the contrary allegations of the opposing party. <u>See</u> <u>A.S. Abell Co. v. Chell</u>, 412 F.2d 712, 715 (4th Cir. 1969). "However, the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint." <u>Nat'l Coalition for Students with Disabilities Educ. and Legal Def. Fund v. Scales</u>, 150 F. Supp. 2d

845, 849 (D. Md. 2001) (citing <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243-44 (4th Cir. 1999)). A complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented.

III. <u>DISCUSSION</u>

    A. <u>Title VII</u>

        1. <u>Individual Liability</u>

Title VII provides that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. §2000e-2(a). Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." <u>Id.</u> at §2000e(b).

The Fourth Circuit has held that no individual liability stems from Title VII, regardless of the individual's role in the employing entity. <u>Lissau v. Southern Food Services, Inc.</u>, 159 F.3d 177 (4th Cir. 1998). This holding is based on "an analysis of Title VII's language and its remedial scheme." <u>Id.</u> at 180. The Fourth Circuit addressed a similar statutory interpretation issue regarding the definition of employer in the

5

context of the Age Discrimination in Employment Act ("ADEA"). Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994). The Birkbeck court concluded that the inclusion of the word "agent" does nothing more than signal that discriminatory personnel actions taken by employer's agent may create liability for the employer. Birkbeck, 30 F.3d at 510. Therefore, the court reasoned that the ADEA limited liability to the employer and that individuals, as company employees, were not proper defendants. Id. at 511. The fact that Resnick is the President and Chief Executive Officer, Chairman of the Board of Directors and owner of the company does not make him, individually, an employer subject to liability under Title VII.

Thus, Plaintiff's Title VII claim against Resnick shall be dismissed.


2.   Employer's Liability Under Title VII

Defendant Martin's can prevail on its Motion to Dismiss only if it can establish that Plaintiff cannot possibly prove any set of facts in support of her claim which would entitle her to relief.

The Equal Employment Opportunity Commission ("EEOC") guidelines describe the kinds of workplace conduct that may be actionable under Title VII. This conduct includes "unwelcome

sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. . ." 29 C.F.R. 1604.11(a) (1985).

On the face of her Complaint, Plaintiff has alleged that she was required to submit to Resnick's daily hugs and kisses as a condition of her continued employment at Martin's. Plaintiff further alleged that she feared the negative repercussions of filing a formal complaint with the Human Resources department and from resisting Resnick's physical conduct. Under the notice pleading requirements of Fed. R. Civ. P. 8, Plaintiff has made sufficient allegations to proceed with her claim. Thus, Defendant Martin's Motion to Dismiss the Title VII claim against it shall be denied.

### B. Intentional Infliction of Emotional Distress (Count II)

To establish a cause of action for intentional infliction of emotional distress under Maryland law, Plaintiff must establish four essential elements:

    (1)    The conduct must be intentional or reckless;

    (2)    The conduct must be extreme and outrageous;

    (3)    There must be a causal connection between the wrongful conduct and the emotional distress; and

(4) The emotional distress must be severe. <u>Batson v. Shiflett</u>, 602 A.2d 1191, 1216 (Md. 1992), <u>quoting</u> <u>Harris v. Jones</u>, 380 A.2d 611, 614 (Md. 1977).

The Maryland Court of Appeals has stated that "'[i]n developing the tort of intentional infliction of emotional distress, whatever the relationship between the parties, recovery will be meted out sparingly, its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" <u>Batson</u>, 602 A.2d at 1216, <u>quoting</u> <u>Figueiredo-Torres v. Nickel</u>, 584 A.2d 69, 75 (Md. 1991). Consequently, Maryland's highest court has upheld claims for intentional infliction of emotional distress only in cases involving truly egregious acts. See <u>B.N. v. K.K.</u>, 538 A.2d 1175 (1988) (physician did not tell nurse with whom he had sexual intercourse that he had herpes); <u>Young v. Hartford Accident & Indemnity Co.</u>, 492 A.2d 1270 (Md. 1985) (workers' compensation insurer's "sole purpose" in insisting that claimant submit to psychiatric examination was to harass her and force her to abandon her claim or commit suicide); <u>cf.</u> <u>Patterson v. McLean Credit Union</u>, 805 F.2d 1143 (4th Cir. 1986), (finding that employer's conduct of staring at plaintiff, giving her too much work, requiring her to sweep dust, and making inappropriate racial comments was not extreme and outrageous), <u>rev'd in part on other grounds</u>, 491 U.S. 164 (1989); <u>Kentucky Fried Chicken Nat'l</u>

Management Co. v. Weathersby, 326 Md. 663 (1992) (employer's conduct of accusing plaintiff of stealing money, requiring that she take a polygraph test, suspending her without pay, demoting her, and reducing her salary did not subject him to liability for a claim of intentional infliction of emotional distress absent some showing that defendant knew of plaintiff's emotional vulnerability).

With respect to the four elements, each "must be pled and proven with specificity." Manikhi v. Mass Transit Administration, 360 Md. 333, 367 (2000) (citing Foor v. Juvenile Services Admin., 78 Md. App. 151, 175 cert denied, 316 Md. 364 (1989) and Silkworth v. Ryder Truck Rental, Inc., 70 Md. App. 264, cert denied, 310 Md. 2 (1987)).  The Manikhi court demonstrates the tremendous burden imposed by the requirement that the emotional distress be severe.  Id. at 369 (citing Caldor, Inc. v. Bowden, 330 Md. 632, 642-45 (1993)).  The Plaintiff has not pleaded sufficiently the first, second, and fourth of the essential elements of an intentional infliction of emotional distress claim.  Therefore, the Complaint fails to satisfy the strict pleading requirements for intentional infliction of emotional distress, with respect to the four elements, as required by Manikhi.

### a. Intentional or Reckless Conduct

First, a Defendant's conduct is intentional or reckless when "'he desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct; or where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow.'" Beye v. Bureau of National Affairs, 477 A.2d 1197, 1205 (Md. App. 1984) (quoting Harris, 380 A.2d at 611). In this case, Plaintiff has pleaded no facts to establish that Resnick's alleged behavior would rise to the intentional and reckless level so as to support the tort of intentional infliction of emotional distress.

### b. Egregious Conduct

In order to satisfy the second element of the tort, the actionable conduct must be truly egregious and must "completely violate human dignity" and "strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." Hamilton v. Ford Motor Credit Co., 66 502 A.2d 1057, 1064 (Md. App. 1986, cert. denied, 507 A.2d 631 (1986).

To be actionable the conduct must go beyond "'mere insults, indignities, threats, annoyances, petty oppressions, or other

trivialities.'" <u>Harris</u>, 380 A.2d at 614 (quoting Restatement (Second) of Torts §46 comment d (1965)).

Although Resnick's alleged conduct may have been inappropriate, it was not - even on Plaintiff's version of the facts - sufficiently egregious to sustain a claim of intentional infliction of emotional distress. Resnick's allegedly forcing each employee to greet him with a hug falls short of satisfying the highly stringent requirements for extreme and outrageous conduct in Maryland. In addition, Plaintiff's claim that Resnick required her to maintain a "lewd and pornographic" card catalogue of business cards fails to present egregious conduct.

    c.   <u>Severe Emotional Distress</u>

In order to establish the fourth element, the Plaintiff must prove that the emotional distress inflicted was of such severity that she was unable to function or tend to necessary matters. <u>Hamilton</u>, 502 A.2d at 1064.

Plaintiff's allegations of the emotional distress sustained is stated in general conclusory terms. The distress alleged by Plaintiff does not constitute "a severely disabling emotional response, so acute that no reasonable man could be expected to endure it." <u>Moniodis v. Cook</u>, 494 A.2d 212, 219 (Md. Ct. Spec. App. 1985) (internal quotations omitted), <u>cert. denied</u>, 500 A.2d

649 (Md. 1985); see, e.g., Butler v. Westinghouse Elec. Corp., 690 F. Supp. 424, 429-30 (D.Md. 1987) (finds that headaches, increased anxiety and increased stress were not sufficiently severe); Harris v. Jones, 380 A.2d 611 at 617 (Md. 1977)(humiliation, aggravation of an existing nervous condition, and worsening of a speech impediment were not severe enough to maintain a claim for intentional infliction of emotional distress).

In sum, Plaintiff has failed to plead facts sufficient to establish the elements of the tort of intentional infliction of emotional distress.  Therefore, the Court shall dismiss Count II.

IV. CONCLUSION

For the foregoing reasons,

1. Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

   a. The Title VII claim (Count I) against Defendant Resnick is DISMISSED.

   b. The Title VII claim (Count I) against Defendant Martin's, Inc. REMAINS PENDING.

   c. The Intentional Infliction of Emotional Distress claim (Count II) Resnick and Martin's, Inc. is DISMISSED.

> 2. The case shall proceed with regard to Plaintiff's Title VII claim against Martins, Inc. pursuant to the Scheduling Order issued herewith.

SO ORDERED this _19th_ day of February, 2003.

                                      _/s/ Marvin J. Garbis_
                                      Marvin J. Garbis
                                  United States District Judge