IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

TERESA FERGUSON
    Plaintiff

v.                                      Civil Action: MJG 02 3193

MARTIN'S INC.
    Defendant

## EMERGENCY MOTION FOR PROTECTIVE ORDER

Teresa Ferguson, by Frederic M. Brandes, her attorney, perceives an emergency in the discovery status of this case and to protect herself she seeks a protective order from this Court:

1. Despite the exhortation of Guideline 4 of the Discovery Guidelines of the United States District Court for the District of Maryland which states that, "Attorneys are expected to make a good faith effort to coordinate deposition dates with opposing counsel, parties…prior to noting a deposition", counsel for Martin's, Inc. has unilaterally and arbitrarily decided to hold a deposition on a date it had not coordinated with counsel for Teresa Ferguson without any other reason than to act out their upset that they were not called back on an afternoon when Plaintiff's counsel was attending to business in the United States District Court for the District of Columbia.

2. The deposition in this case was originally scheduled unilaterally and arbitrarily by counsel for Martin's, Inc. for April 8, 2003, but upon learning that counsel for the Plaintiff was in trial that date, one of Defendant's counsel agreed to an adjournment of the deposition until April 22, 2003. Guideline 4 states, "An agreed upon deposition date is presumptively binding. An attorney seeking to change an agreed date has a duty to coordinate a new date before changing the agreed date." The April 22, 2003 date had to be postponed because counsel for the Plaintiff was held over in trial. Counsel for Plaintiff offered to give to counsel for the Defendant the first date of availability. Counsel for Defendant suggested April 25, 2003. After indicating that the date was amenable to him, counsel for the Plaintiff said he would notify Teresa Ferguson. Ms Ferguson advised her counsel she needed at least three days advance notice to get off from work and that on April 25th her employer would not release her because her co-worker was off. At this time, the parties agreed to consult their calendars and compare available dates.

       While under the impression that counsel was going to coordinate a date, counsel for Martin's, Inc. decided to go ahead with May 1, 2003.

3. The situation is exacerbated by the fact that a preliminary review of dates was accomplished before counsel decided to consult their calendars. Counsel for Martin's, Inc. asked for May 1, 2003. Counsel for Teresa Ferguson explained that on May 1, 2003 he is scheduled to appear at 9:00 a.m. before a magistrate of this Court, at 9:30 before the Circuit Court of Baltimore County and is registered for a continuing legal education seminar at his alma mater, Georgetown University Law Center, on Section 1983 actions for which he has expended a large sum of money as a registration fee.

4. Counsel for Teresa Ferguson telephoned Counsel for Martin's, Inc. on April 25, 2003, Friday afternoon, to discuss the situation and obviate the need for this motion, however, he was told that said Counsel would not take the telephone call as they were in a meeting. Voice mail messages were left for both counsel with requests for return calls but none were made. Counsel for Teresa Ferguson is scheduled to try a federal EEO case before the Equal Employment Opportunity Commission on April 28 and 29, 2003 in Washington, D.C. and will not have an opportunity to discuss these matters with Counsel for Martin's, Inc. whose precipitous action in scheduling this deposition leaves him uncomfortable not having this motion before the Court in sufficient time to permit a full and fair review of the facts.

5. For some unknown reason, Counsel for Martin's, Inc. has decided not to honor its obligation to answer interrogatories and produce documents and justifies this breach of the Federal Rules of Civil Procedure on the basis that the deposition is delayed although the connection between the justifiable delay in taking the deposition and the apparent obstinate refusal to fulfill a discovery duty is far from clear. If the Defendant needs more time to respond Counsel for Teresa Ferguson would be happy to work out an extension of time with the Defendant, however, he sees no reason why the Defendant should defiantly take time it is not entitled to and Teresa Ferguson should be happy about it.

6. Counsel for Martin's, Inc. point to no prejudice that will injure to their client by working out a mutually acceptable deposition date or by not taking the deposition on May 1, 2003.

WHEREFORE, Teresa Ferguson requests that the Deposition scheduled for May 1, 2003 not be had and that the parties agree upon a date certain when this deposition shall be taken.

                                                                                           _____
Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093
(410) 561-0290

## CERTIFICATE OF SERVICE

I, Frederic M. Brandes, certify that on April 26th, 2003, I mailed a copy of the aforesaid to Charles Fax and Jeffrey Geller, 36 S. Charles Street, Suite 2000, Baltimore, Maryland 21201

                                          _____
Frederic M. Brandes