IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| TERESA M. FERGUSON, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) C. A. No. MJG 02 3193 |
| MARTIN'S, INC., | ) |
|     Defendant. | ) |

## OPPOSITION OF DEFENDANT MARTIN'S INC. TO EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendant, Martin's Inc., by its counsel, Charles S. Fax, Jeffrey M. Geller and the law firm of Shapiro Sher Guinot & Sandler, respectfully submits this opposition to plaintiff's emergency motion for protective order:

1. The motion should be deemed moot as counsel for the plaintiff has proposed a deposition date of May 5, 2003 and counsel for the defendant has agreed to that date. *See* exhibit 1, letter to Frederick Brandes dated April 28, 2003.

2. Alternatively, the motion should be denied for failure to comply with Local Rule 104(7), which requires a conference between the parties and a certificate regarding the discovery conference. Counsel has filed no such certificate, and the Rule states that "the Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, the names of all persons participating therein and any issues remaining to be resolved, or (b) counsel's attempts to hold such a conference without success." Plaintiff's motion states that "Counsel for [plaintiff] is scheduled to try a federal EEO

case before the Equal Employment Opportunity Commission on April 28 and 29 in Washington, D.C. and will not have an opportunity to discuss these matters with Counsel for Martin's Inc. whose precipitous action in scheduling this deposition leaves him uncomfortable not having this motion before the Court in sufficient time to permit a full and fair review of the facts." Emergency motion at ¶ 4. Counsel for the plaintiff, in essence, is saying that his hearing scheduled for today and tomorrow will prevent him from communicating via telephone or any other means between the date of his filing, April 26, 2003 and the deposition date of May 1, 2003. This assertion is both incredulous and fails to heed the requirements of Rule 104(7).

3.   The motion should also be denied on the merits. On March 3, 2003, counsel for Martin's Inc. served counsel for the plaintiff with (i) interrogatories and requests for production returnable on April 7, 2003, and (ii) a notice of deposition for April 8, 2003.

4.   On March 13, 2003, counsel for the plaintiff requested, and defendant agreed, to an additional two weeks time to respond to Martin's Inc.'s discovery requests. Likewise, counsel for both parties agreed to a new deposition date of April 22, 2003. *See* exhibit 2, letter to Charles S. Fax dated March 13, 2003; exhibit 3, letter to Frederick Brandes dated March 17, 2003; *and* exhibit 4, letter to Frederick Brandes dated March 31, 2003.

5.   On April 21, 2003, the agreed upon due date for plaintiff's production of documents and answers to interrogatories, which was also the day prior to the deposition, counsel for plaintiff telephoned and stated that he would be unable to provide the documents and answers as promised due to difficulties with his typist and a busy day in court. He promised to deliver the documents and answers the next morning. The delay in production of these materials made defense counsel's preparation for the deposition an impossibility and counsel agreed upon a new deposition date of April 25. On April 22, plaintiff's counsel again failed to produce plaintiff's

answers and documents. Finally, on April 23, 2003, plaintiff submitted documents and <u>unsworn and unsigned</u> answers to interrogatories to defense counsel. Counsel for the plaintiff promised that the answers would be signed by his client on Friday April 25. To date, plaintiff has not sworn to the answers or signed them.

6. On April 24, 2003, counsel for the plaintiff called to delay his client's deposition once again. He stated that she needed to give three days advance notice to her employer. Both parties agreed to check their respective calendars. Counsel for Martin's Inc. denies that the new deposition date was intentionally selected with the knowledge that plaintiff's counsel is unavailable on that date. Counsel for Martin's attempted to reach plaintiff's counsel throughout the day by telephone and left messages with a suggested deposition date of May 1, 2003. Having not heard back from plaintiff's counsel, counsel for Martin's Inc. scheduled the deposition and for a fourth time arranged for a court reporter and conference room. *See* exhibit 5, letter to Frederick Brandes dated April 24, 2003.

7. On April 25, 2003, at 4:30 PM, counsel for the plaintiff left a voicemail message and stated that 1) he is not available on May 1; 2) he is available to reschedule the deposition on May 5, 8, 9 (pm), 12 (am), 13 (pm) 14, 15, 20, 21, 23, 26, 27, and 28; and 3) there should be no need for the parties to file motions with the court to resolve our scheduling problems.

8. On April 26, 2003, counsel for the plaintiff filed an emergency motion for protective order, seeking this Court's intervention in the parties' discovery dispute.

9. On today's date, April 28, 2003, counsel for Martin's Inc. left a voicemail message and sent a letter via facsimilie to counsel for the plaintiff. *See* exhibit 1. The message and letter indicate that May 5, 2003 is an acceptable date for the deposition.

WHEREFORE, as counsel for the defendant has agreed to plaintiff's suggested deposition date, the emergency motion for protective order should be deemed moot by this Court. Alternatively, the motion should be denied for its failure to comply with Rule 104(7). Finally, the motion should also be denied on the merits.

Respectfully submitted,

_____/s/_____
Charles S. Fax
Federal Bar No. 02490
Jeffrey M. Geller
Federal Bar No. 27019
Shapiro Sher Guinot & Sandler, P.A.
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
Telephone: (410) 385-4215
Facsimile:   (410) 385-1216

Dated: 4/28/03



# SHAPIRO SHER GUINOT & SANDLER

Jeffrey M. Geller
Direct Dial: 410.385.4215
jmg@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

April 28, 2003

Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093
VIA FACSIMILIE AND MAIL

    Re:    *Ferguson v. Martin's, Inc.*, Civil Action 02-3193 (MJG)
             United States District Court for the District of Maryland

Dear Fred:

    I received the emergency motion for protective order that you filed over the weekend. I was surprised by the motion, especially in light the telephone message that you left for me on Friday evening that 1) listed available dates for the rescheduling of the deposition and 2) stated that there was no need for us to file motions with the court to resolve our scheduling issues.

    I left a telephone message for you this morning indicating that the first of your available dates, Monday May 5, 2003, is acceptable to us. We will reschedule for that date at 10 AM.

    Thank you.

                                               Sincerely,

                                               Jeffrey M. Geller


DEFENDANT'S EXHIBIT 1

Enclosure

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| TERESA M. FERGUSON, | ) |
| Plaintiff, | ) |
| v. | ) C. A. No. MJG 02 3193 |
| MARTIN'S, INC., | ) |
| Defendant. | ) |

## FOURTH NOTICE OF DEPOSITION

Please take notice that defendant Martin's, Inc., in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, will take the oral deposition of plaintiff Teresa Ferguson, to be recorded by audio and video tape, at the offices of Shapiro Sher Guinot & Sandler, 36 South Charles Street, Suite 2000, Baltimore, MD 21201, on May 5, 2003, commencing at 10:00 a.m., before an officer authorized by law to administer oaths, continuing from day to day during normal business hours until completed.

Respectfully submitted,

Charles S. Fax
Federal Bar No. 02490
Jeffrey M. Geller
Federal Bar No. 27019
Shapiro Sher Guinot & Sandler, P.A.
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
Telephone: (410) 385-4215
Facsimile: (410) 385-1216

Dated: 4/28/03

# FREDERIC M. BRANDES

ATTORNEY AND COUNSELOR AT LAW

2126 FOLKSTONE ROAD

TIMONIUM, MD 21093

(410) 561-0290

FAX (410) 561-0424

ADMITTED IN:
  MARYLAND
  NEW YORK
  DISTRICT OF COLUMBIA

March 13, 2003

Charles S. Fax
Shapiro, Sher, Guinot & Sandler
36 South Charles Street
Suite 2000
Baltimore, Maryland 21201

Re: Ferguson v. Martin's Inc., et al
MJG 02 3193

Dear Mr. Fax:

I have received your discovery documents and request an additional two weeks in which my client can gather her materials and help me respond to your interrogatories and production of documents. I request that you contact me and coordinate a rescheduling of the deposition you have scheduled. I am in a jury trial in Baltimore City that day and I do not expect the matter to settle. I hope that our discovery will proceed in a cooperative and constructive manner.

On a different note, I commend you on your assessment of Mr. Resnick's desire to rather pay you than enter a settlement with my client. I appreciate the sense of resolve a client must have to seek justification in the vilification that a public trial will have which will surely expose his personal sexual peccadilloes. I am not speaking of what I am sure he believes are his charming gentlemanly ways, but what may be portrayed and believed by the public, who might be disposed not to use the Martin's Inc. catering facilities, as a dirty old man praying upon young women who depend upon him for their livelihood. This could be the product of an ill mind, and that might have to be examined as being likely to yield relevant information about what the corporation new about about his health and what steps it took to restrain the consequences of his ill health.

There is something to be said for a man who would pay you corporate dollars to allow himself personally to possibly be exposed to that type of vilification. I'm sure that Mr. Resnick has the approval of the Board of Directors . Or, I ask you could it be that Mr. Resnick does not appreciate the nature of what Martin's Inc. faces because of him. Does Mr. Resnick owe a fiduciary duty to that corporation or is he acting in its best interest by taking this macho at any expense approach. I do not know the answers to these questions. I only know that my demand is $20,000 and my discovery is being prepared.

Please advise me of your client's position in light of my musings.


DEFENDANT'S EXHIBIT 2

Sincerely,

*[signature]*

Frederic M. Brandes



**SHAPIRO
SHER
GUINOT &
SANDLER**

Charles S. Fax
Direct Dial: 410.385.4271
csf@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

March 17, 2003

Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093

    Re:    *Ferguson v. Martin's, Inc.*
           Civil Action 02-3193 (MJG)
           United States District Court for the District of Maryland

Dear Fred:

    This responds to your letter of March 13th, which I received in the morning mail. Of course you can have an additional two weeks to respond to our interrogatories and requests for production of documents. Likewise I am more than happy to continue Ms. Ferguson's deposition to a date that is convenient for you. The only condition that I would impose is that our responses to your document production requests (which I received this morning as well)[1] shall not be due until after Ms. Ferguson has provided responses to our discovery requests and until after her deposition has been taken. As we issued our discovery and noticed her deposition first, I think this is a fair approach.

    By my calculation your responses are presently due to be filed on April 7th (which is why we scheduled Ms. Ferguson's deposition for April 8th). I am agreeable to extending the April 7th date to April 21st, and we could take Ms. Ferguson's deposition on the 22nd, 23rd or 24th, as suits your convenience. (If none of those dates works for you, I am presently available on May 1st and 2nd.) Our responses to your document production requests are presumptively due to be filed on April 15th. I would propose to make them returnable one week after Ms. Ferguson's deposition is completed. If this is agreeable to you, please advise.

    On the matter of settlement, your assumptions and portrayal of Mr. Resnick's behavior bear no relation to the truth, and merely exacerbate his understandable outrage at Ms. Ferguson's groundless accusations. He has already been injured by your client's defamatory allegations; the threat of a public trial as a means of leveraging a settlement frankly smacks of extortion by your client. I assure you that despite her motivations, you and I will always maintain a professional relationship.

                                 Sincerely,

                                   *Chuck*

                                 Charles S. Fax

DEFENDANT'S EXHIBIT 3

---

[1] Your document production requests ask, *inter alia*, for us to produce all documents identified in response to your interrogatories, but no interrogatories were attached.



**SHAPIRO
SHER
GUINOT &
SANDLER**

Charles S. Fax
Direct Dial: 410.385.4271
csf@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

March 31, 2003

Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093

    Re:   *Ferguson v. Martin's, Inc.*
           Civil Action 02-3193 (MJG)
           United States District Court for the District of Maryland

Dear Fred:

    Not having heard from you in response to my letter of March 17th, I thought it prudent to send this letter to confirm where we stand with respect to discovery:

    1.    On behalf of defendant Martin's, Inc., we issued interrogatories and requests for production of documents on March 3, 2003, presumptively returnable on or before April 7, 2003;

    2.    Simultaneously, we issued a notice to take plaintiff's deposition on April 8, 2003, in our offices;

    3.    By letter dated March 13th, you requested an additional two weeks to respond to our Rule 33 and Rule 34 requests, which would make them returnable on or before April 21, 2003;

    4.    On the same date that we received that letter, we also received a Rule 34 request for production of documents from you, presumptively returnable on or around April 12th.

    5.    I responded to your letter of March 13th by agreeing to your requested extension of time, provided that we defer Ms. Ferguson's deposition until after we have received her Rule 33 and Rule 34 responses to our discovery requests, and provided further that the due date for Martin's, Inc.'s, responses to Ms. Ferguson's Rule 34 requests be likewise extended so that we, who were first in time, would complete our first round of discovery before providing responses to her Rule 34 requests.

DEFENDANT'S EXHIBIT 4



SHAPIRO
SHER
GUINOT &
SANDLER

Frederic M. Brandes
March 31, 2003
Page 2

      6.      I take your silence to my last letter to mean agreement. Accordingly, my calendar now reflects the following due dates:

      A.      Ms. Ferguson's answers to our interrogatories are due to be served on or before April 21, 2003;

      B.      Ms. Ferguson's responses to our requests for production of documents are due to be served on or before April 21, 2003;

      C.      I have re-noticed Ms. Ferguson's deposition for April 22, 2003, commencing at 10:00 a.m. in my office (see re-notice of deposition enclosed herewith);

      D.      Martin's, Inc.'s responses to Ms. Ferguson's Rule 34 requests are due to be served no later than April 29, 2003.

It would be much appreciated if you could confirm the above so that we know we are playing from the same deck. Thank you.

                                      Sincerely,

                                      *Chuck*

                                      Charles S. Fax

CSF/cdl
Enclosure

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| TERESA M. FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) C. A. No. MJG 02 3193 |
| MARTIN'S, INC., et. al., | ) ) |
| Defendant. | ) ) ) |

### RE-NOTICE OF DEPOSITION

Please take notice that defendant Martin's, Inc., in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, will take the oral deposition of plaintiff Teresa Ferguson at the offices of Shapiro Sher Guinot & Sandler, 36 South Charles Street, Suite 2000, Baltimore, MD 21201, on April 22, 2003, commencing at 10:00 a.m., before an officer authorized by law to administer oaths, continuing from day to day during normal business hours until completed.

Respectfully submitted,

*/s/ Charles S. Fax*
Charles S. Fax
Federal Bar No. 02490
Jeffrey M. Geller
Federal Bar No. 27019
Shapiro Sher Guinot & Sandler, P.A.
36 South Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 385-4215
Facsimile: (410) 385-1216

Dated: March 31, 2003



**SHAPIRO
SHER
GUINOT &
SANDLER**

Jeffrey M. Geller
Direct Dial: 410.385.4215
jmg@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

April 24, 2003

Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093
VIA FACSIMILIE AND MAIL

    Re:    *Ferguson v. Martin's, Inc.*, Civil Action 02-3193 (MJG)
            United States District Court for the District of Maryland

Dear Fred:

    This morning you indicated that Ms. Ferguson is not available for tomorrow's scheduled deposition. This, of course, is the deposition that has been postponed twice – from April 8 and April 22, 2003 – due to your scheduling conflicts. I have left two messages for you with a new date for the deposition. It is almost 4 PM and I have not yet heard back from you. I have enclosed a third notice of deposition with a scheduled deposition date of May 1, 2003. This allows for the three-days notice your client states she needs to give her employer. If Ms. Ferguson fails to appear for the deposition, we will file an appropriate motion with the court.

    In light of this delay, Martin's Inc.'s answers to interrogatories and responses to Ms. Ferguson's Rule 34 requests will be served no later than May 8, 2003.

    Finally, I should note that Ms. Ferguson has not yet signed her answers to interrogatories. You had indicated that she would sign them today.

    Please call to confirm the receipt of this letter and to indicate that your client will be available on May 1, 2003. Thank you.

Sincerely,

Jeffrey M. Geller

DEFENDANT'S EXHIBIT 5

Enclosure

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 28, 2003</u>, the attached opposition was served on opposing counsel, by mailing a copy thereof by first class mail, postage pre-paid, to:

Frederic M. Brandes, Esquire
2126 Folkstone Road
Timonium, Maryland 21093

/s/
Jeffrey M. Geller
Co-counsel for defendant
Martin's, Inc.

Dated: 4/28/03